IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMIE CHRISTOPHER GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-01331 |
| ) | |
| DEANA DANIEL *et al.*, ) | Judge Trauger |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Jamie Christopher Green, a state inmate presently incarcerated at the Bledsoe County Correctional Complex, has filed a *pro se* complaint under 42 U.S.C. § 1983 in this court (ECF No. 1). The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.    Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim for which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

**II.      Factual Allegations**

The plaintiff names as defendants in this action the following: Tina Brewer, library supervisor at the Turney Center Industrial Complex – Wayne County Annex ("TCIX – Annex"); Deana Daniel, Brewer's immediate supervisor at the TCIX – Annex library; Kenny Brewer, first-shift dorm supervisor of the Parole Technical Violator Diversion Program ("PTVD Program") at TCIX – Annex; TCIX Warden Debra Johnson; Classification Coordinator Jason Culp; Tennessee Department of Corrections ("TDOC"); TDOC Commissioner Derrick Schofield. Each defendant is named in his or her official and individual capacity.

At the time the plaintiff filed his complaint in June 2014, he was incarcerated at TCIX – Annex and a participant in the PTVD Program there. Less than a month after instituting this lawsuit, the plaintiff provided notice to the court that he had been transferred to Bledsoe County Correctional Complex.

The plaintiff states that he was transferred to the TCIX – Annex on January 9, 2014, while another federal civil-rights lawsuit he had initiated in this Court, *Green v. Howard*, No. 3:13-cv-00020 (M.D. Tenn.), was still pending. The plaintiff asserts that, while housed at TCIX – Annex, he was deprived of access to the court, in violation of his rights under the First and Fourteenth Amendments to the United States

Constitution. In support of that claim, he alleges that TCIX – Annex provided no access to a law library or legal materials and no assistance with the preparation or filing of legal papers by persons trained in the law. The plaintiff alleges that his other lawsuit was dismissed with prejudice on April 15, 2014 as a result of the defendants' failure to provide access to legal research, an adequate law library, or assistance from persons trained in the law. The plaintiff seeks compensatory and punitive damages as well as injunctive relief.

## III. Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

As an initial matter, the court notes that, insofar as the plaintiff seeks injunctive relief, his claims have been mooted by his transfer away from TCIX – Annex to another prison. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]ny declaratory or injunctive relief that Colvin seeks stemming from his complaint has been mooted by his transfer to a different prison facility."); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."). The claims for injunctive relief are subject to dismissal on that basis.

In addition, the suit against TDOC must be dismissed because TDOC is not a "person" subject to suit under § 1983. Instead, TDOC is an agency of the State of Tennessee and, as such, is entitled to Eleventh Amendment immunity. *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). The Eleventh Amendment bars suits against a state, and its agencies or departments, unless the state has waived its immunity or Congress has abrogated it. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The only exceptions to a state's immunity are if the state has consented to suit or if Congress has properly abrogated a state's immunity. *S & M Brands, Inc. v. Cooper*,

527 F.3d 500, 507 (6th Cir. 2008). Neither of these exceptions applies to § 1983 suits against the State of Tennessee or its agencies. *See Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (reaffirming that Congress did not abrogate states' immunity when it passed § 1983). The claims for monetary damages against TDOC are therefore subject to dismissal.

Likewise, the official-capacity claims against the remaining defendants—all of whom are state employees—must be "treated as suits against the State," *Hafer*, 502 U.S. at 25, because in an action against a state officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Therefore, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, the official-capacity claims against the state-employee defendants for monetary damages are subject to dismissal as well.

Regarding the plaintiff's substantive claims against the state-employee defendants in their individual capacity, it is well established that prisoners have a constitutional right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right extends to protect the pursuit of an inmate's criminal appeals, habeas corpus, and civil-rights litigation. *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).

However, in *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that, in order to bring a § 1983 action based upon a violation of a prisoner's right of access to the courts, the prisoner must show that he was prejudiced by demonstrating a specific, actual injury. *Id.* at 351. Soon after *Lewis* was decided, the Sixth Circuit explained that, to state a claim for denial of meaningful access to the courts,

> plaintiffs must plead and prove prejudice stemming from the asserted violation. Plaintiffs must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim.

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). Subsequently, the Supreme Court has also squarely held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). In *Christopher*, the Court held that, "[l]ike any

other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. The underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (construing *Lewis* as changing the definition of "actual injury" to include the requirement that the underlying action be non-frivolous).

In the complaint in this case, the plaintiff provided the docket number for the pending lawsuit that was dismissed on April 15, 2014. He did not provide any substantive information about the case or explain how he believes the lack of access to the courts prejudiced him in that litigation, other than to insist, in a wholly conclusory fashion, that the underlying matter was dismissed because of his lack of access to the court. He fails to allege or show that the underlying claims were non-frivolous. The court finds that the plaintiff's claim that he was wrongfully denied access to the courts is insufficiently pleaded and subject to dismissal on that basis.

Moreover, the court takes judicial notice of the procedural history of the underlying case and finds that the record plainly establishes that the plaintiff's alleged lack of access to the courts had no effect on the outcome in that case. That lawsuit, *Green v. Howard*, No. 3:13-cv-0020 (M.D. Tenn.), was filed in November 2012. Judge Sharp of this court entered an initial order allowing the lawsuit to proceed against some of the defendants. A scheduling order was entered by Magistrate Judge Bryant on April 29, 2013, setting August 23, 2013 as the deadline for conducting discovery and for filing discovery-related motions. The deadline for dispositive motions was September 23, 2013, and the due date for responses to such motions was October 23, 2013. The scheduling order specifically stated: "Plaintiff is forewarned that dispositive motions must be responded to by October 23, 2013, unless an extension is granted by the Court, and that failure to respond to the motion and to statements of fact may result in the Court taking the facts alleged in the matter as true and granting the relief requested. *Green v. Howard*, ECF No. 34, at 3. Trial was set for April 29, 2014.

The defendants filed a motion for summary judgment in May 2013, supported by affidavits and other documentation. Thereafter, the plaintiff conducted discovery and filed a motion for the appointment of counsel and a motion to amend his complaint, both of which were denied. The plaintiff filed a motion to compel discovery on September 9, 2013, after the deadline for doing so had passed.

The time for responding to the motion for summary judgment passed without the plaintiff's seeking to extend the response deadline. In January 2014, the plaintiff was transferred to TCIX - Annex. By this time, the motion for summary judgment had been pending for eight months. The plaintiff continued to litigate after this move, filing a motion to extend the time to complete discovery and a renewed motion for the appointment of counsel, in which he complained about being denied access to a law library or legal assistant. Magistrate Judge Bryant filed a Report and Recommendation on March 7, 2014, granting the defendants' motion for summary judgment.

Thereafter, plaintiff promptly filed a response in opposition to the motion for summary judgment as well as objections to the R&R. In these documents, the plaintiff again complained about his lack of access to legal materials since his transfer to TCIX – Annex, but Judge Sharp nonetheless adopted the R&R and dismissed the case, and denied all pending discovery-related and other motions as moot. The plaintiff appealed and the appeal remains pending at this time.

Based on all this information, the court finds that the plaintiff cannot establish that he was prejudiced in the pursuit of his lawsuit by the alleged lack of access to legal materials for several months in early 2014. By the time the plaintiff was transferred to TCIX – Annex, discovery had already been completed and the time for filing a response in opposition to the defendants' motion for summary judgment had long-since expired. In addition, the plaintiff's filings during the relevant time period indicate that he had no difficulty accessing the courts. The plaintiff has not alleged how his lack of access to the court was prejudicial, in light of the fact that the lack of access occurred well after the discovery deadline and the time for responding to the defendants' motion for summary judgment had expired.

## IV.    CONCLUSION

The plaintiff's claims for injunctive relief will be denied as moot, and his claims for monetary damages against TDOC and against the prison-employee defendants in their official capacity will be dismissed as barred by the Eleventh Amendment. Further, because the plaintiff has not adequately alleged prejudice resulting from the lack of access to the court, the court finds that the claims against the state-

employee defendants in their individual capacity must be dismissed for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge